IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDGAR HERRERA, | § | |
| TDCJ # 1698675, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2432 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Edgar Herrera (TDCJ # 1698675), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has answered with a motion for summary judgment, arguing that the petition must be denied [Doc. # 13]. Herrera has filed a reply [Doc. # 21]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion, denies the petition, and dismisses this case for reasons that follow.

## I.    BACKGROUND AND CLAIMS

On August 25, 2010, Herrera was charged by indictment with committing aggravated sexual assault of a child under fourteen, a first degree felony [Doc. # 10-5, p. 72]. On November 9, 2010, Herrera appeared with retained counsel, Dean Gregory,

and entered a plea of guilty to the charge of aggravated sexual assault without an agreed recommendation regarding punishment [Doc. # 10-5, p. 25].  Herrera signed a waiver of constitutional rights and judicial confession in which he admitted that he had committed the offense for which he was charged [Doc. # 10-4, pp. 41-2].  He also signed a plea admonishment stating that he had been advised of and understood his rights.  *Id.* at 43-46.  That same day, Herrera signed a separate admonishment regarding requirements for sex offenders. *Id.* at 47-48.  The trial court accepted the plea and found that there was sufficient evidence of guilt, but waived the finding and ordered a pre-sentence investigation ("PSI") report [Doc. # 10-5, p. 70].

A pre-sentence investigation was conducted and submitted to the trial court [Doc. # 10-5, pp. 24-56].  After accepting the report and finding Herrera guilty as charged, the state district court sentenced Herrera to life in prison.  Doc. # 10-5, p. 73; *State v. Herrera*, No. 1266477 (351st Dist. Ct., Harris County, Tex., Feb. 8, 2011). No direct appeal was filed.  However, Herrera filed a motion for new trial on February 16, 2011, and the trial court denied it on March 17, 2011 [Doc. # 10-5, p. 1].

On November 10, 2011, Herrera, filed a state application for a writ of habeas corpus challenging the conviction pursuant to Article 11.07 of the Texas Code of Criminal Procedure [Doc. # 10-4, p. 8].  The following grounds for relief were presented:

2

1.      Herrera's guilty plea was involuntary due to ineffective assistance of counsel (Gregory) because:

      a.      Gregory failed to file a pretrial motion to suppress statements given by Herrera to law enforcement officers [Doc. # 10-4, p. 13-14];

      b.      Gregory failed to interview the victim (*Id.* at 15-16);

      c.      Gregory unreasonably advised Herrera to permit the trial judge to impose the punishment rather than going to a jury (*Id.* at 16-17); and

      d.      Gregory represented to Herrera that the trial court would sentence him to five years probation (*Id.* at 18); and

2.      Herrera's due process rights were violated because evidence proving his innocence was not presented at trial (*Id.* at 19).

On December 2, 2011, the trial court ordered Gregory to file a response to the allegations made in Herrera's state habeas application regarding the alleged denial of effective assistance of counsel [Doc. # 10-4, pp. 50-52]. Gregory filed his affidavit in response to the habeas application on December 27, 2011. *Id.* at 56-57. On February 13, 2012, the state district court appointed attorney Randall J. Ayers to represent Herrera as habeas counsel under Chapter 11 of the Texas Code of Criminal Procedure [Doc. # 10-4, p. 74]. A post-conviction writ hearing was held on March 21, 2013, with Herrera and his daughter, the victim of the sexual assault, in attendance [Doc. # 10-2, pp. 3-10]. After the hearing, the trial court entered its findings of fact

and conclusions of law [Doc. # 10-4, pp. 82-88].  The court determined that Herrera failed to show that he was denied effective assistance of counsel.  *Id.* at 87.  The court also found that Herrera's plea was knowing and voluntary and that there was no newly discovered evidence of Herrera's innocence with which any reasonable juror would have found him guilty.  *Id.*  The Texas Court of Criminal Appeals denied the application without a written order based on the trial court's findings.  *Id.* at 2; *Ex parte Herrera*, No. 78,967-01 (Tex. Crim. App. May 15, 2013).

Herrera now seeks a federal writ of habeas corpus to challenge his state court conviction for aggravated sexual assault of a child.  He asserts the following claims in his petition:

1.  Herrera's guilty plea was involuntary and unknowing due to his counsel's ineffectiveness by:

   a.  Failing to file a motion to suppress any statements to law enforcement officers and Child Protective Services ("CPS") officials;

   b.  Failing to interview the alleged victim;

   c.  Failing to have Herrera evaluated by a mental health expert; and

2.  Herrera is actually innocent of the offense [Doc. # 1, p. 6].

The respondent has filed a motion for summary judgment [Doc. # 13] arguing that one of Herrera's claims (Claim 1.c) is procedurally barred.   The respondent

4

further contends that there is no merit to the claims that are not barred and that Herrera's petition must be denied.  Herrera disagrees.  The parties' contentions are discussed further below.

## II.    <u>STANDARD OF REVIEW</u>

Motions for summary judgment are typically governed by Rule 56 of the Federal Rules of Civil Procedure.  However, this habeas corpus proceeding  is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See Lindh v. Murphy,* 521 U.S. 320, 335–36(1997); *see also Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).  To the extent that the petitioner's claims were "adjudicated on the merits" in state court, the AEDPA standard found at 28 U.S.C. § 2254(d) applies.[1]

Claims presenting pure questions of law and mixed questions of law and fact are governed by 28 U.S.C. § 2254(d)(1), which precludes habeas relief unless a petitioner demonstrates that the state court's decision to deny a claim "was contrary

---

[1]    In addition, pre-AEDPA precedent forecloses habeas corpus relief if any of the following circumstances are present: (1) the claim is barred as a consequence of the petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722 (1991); (2) the claim seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1); *McGowen v. Thaler*, 675 F.3d 482, 489 (5th Cir. 2012).  A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000).  A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case.  *See Brown v. Payton*, 544 U.S. 133, 141 (2005).  Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011).  Additional limitations on federal review apply.  A state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'"  *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)).  This presumption extends not only to express findings of fact,

6

but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).  Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

As this deferential standard reflects, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted).  In that respect, the AEDPA standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786 (2011).  The Supreme Court has underscored the extent of this deferential standard:

> [28 U.S.C. § 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition for obtaining [a writ of] habeas corpus from a federal court, a state prisoner must show

7

that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786-87.  This deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision.  *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, 131 S. Ct. at 785 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").  With this deferential standard in mind, the petitioner's claims are examined below under the applicable legal standard.

## III.   **DISCUSSION**

### A.   **Herrera's Claim 1(c) Is Unexhausted and Procedurally Barred**

Herrera argues that his attorney, Dean Gregory, provided ineffective assistance of counsel which rendered his plea involuntary.  One of the grounds in support of this argument is that Gregory failed to have Herrera evaluated by a mental health expert [Claim 1(c)].  The respondent contends that this ground is not exhausted because it was not raised on direct appeal or in Herrera's state application for a writ of habeas corpus.  The respondent further contends that Herrera would be procedurally barred from presenting the claim in state court.  Consequently, the respondent argues that

8

Herrera's claim that his attorney was ineffective for failing to have Herrera evaluated by a mental health expert is barred under the federal procedural default doctrine.

### 1.    The Exhaustion Requirement

Under 28 U.S.C. § 2254(b), a petitioner is required to exhaust available state procedures before he may pursue habeas relief in the federal courts. *See Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (citing *Orman v. Cain,* 228 F.3d 616, 619-20 (5th Cir. 2000)).  All claims must be presented to and reviewed by the state courts before a federal habeas petition can be filed in the federal courts. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Generally, this requires a Texas prisoner challenging his state custody to present his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or in a state application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).  The fact that a claim has "been through" the state court system is not enough to satisfy the exhaustion requirement; the highest court must have a reasonable opportunity to consider the merits of each of the claims presented in a federal habeas petition. *Picard v. Connor* 404 U.S. 270, 276-77 (1971); *see also Baldwin v. Reese,* 541 U.S. 27, 29 (2004) ("To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court . . . ." (quotation marks and citations

9

omitted)).

The habeas petitioner complies with the exhaustion requirement of fairly presenting his claims in state court by asserting the substance of each claim for the court's review. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). This requires the petitioner to set forth the legal theory and the factual basis of each claim. *Id.*; *see also Scott v. Hubert*, 635 F.3d 659, 667 (5th Cir. 2011). Factually, this requirement dictates that the petitioner set forth the material evidentiary support for his claim. *Scott*, 635 F.3d at 667 (citing *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997) ("The exhaustion requirement is not satisfied if the prisoner presents new legal theories *or* factual claims in his federal habeas petition." (emphasis added)). A petitioner fails to meet the exhaustion requirement if he presents new factual allegations in support of a previously asserted legal theory. *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (citing *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996)); *Joyner v. King,* 786 F.2d 1317, 1320 (5th Cir. 1986).

Herrera did not file an appeal although he did file a state application for a writ of habeas corpus in which he argued that his attorney was ineffective for failing to file a pretrial motion to suppress his statements and failing to interview the victim [Doc. # 10-4, pp. 13-16]. Herrera also asserted in his state habeas application that his attorney was ineffective in advising him to permit the trial judge to assess punishment

and representing to Herrera that the trial judge would give him five years probation. *Id.* at 16-18.

In this federal habeas proceeding, Herrera presents for the first time his claim that his attorney was ineffective by failing to have a mental health expert evaluate him.  His inclusion of a new fact specific allegation sidesteps the state courts and does not comply with the exhaustion requirement.  *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008) (citing *Morris v Dretke,* 413 F.3d 484, 491 (5th Cir. 2005)).  Herrera's failure to present this claim to the state courts has prevented the state court system from reviewing the claim and possibly correcting constitutional errors.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Ries v. Quarterman*, 522 F.3d at 523. Consequently, the petition may be subject to dismissal for failure to exhaust state court remedies.  *See Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982))  "[E]xhaustion is not required if it would plainly be futile." *Morris*, 413 F.3d at 492) (quoting *Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996)).

## 2.    Procedural Bar

As noted above, Herrera has already filed a state habeas application challenging his conviction for aggravated sexual assault of a child which the Court of Criminal Appeals denied.  He may not file another state habeas application challenging the

same conviction regarding claims that could have been previously raised.  TEX. CODE CRIM. P. art. 11.07 § 4.   The United States Court of Appeals for the Fifth Circuit has consistently held that the Texas abuse-of-writ rule is ordinarily an "adequate and independent" procedural ground on which to base a ruling of procedural default. *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004); *Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003); *Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) (citing *Horsey v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999)).  Therefore, the claim that Herrera's attorney was ineffective for failing to seek Herrera's evaluation by a mental health expert is subject to dismissal pursuant to a procedural bar where there are no remedies available in the state courts.  *Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998).

Herrera may only overcome his procedural default by demonstrating cause and prejudice, or that failure to consider the claim would result in a fundamental miscarriage of justice.  *Morris*, 413 F.3d at 491-92.  Cause is demonstrated by establishing that some objective external factor impeded his efforts to present his claim to the state courts.  *Meanes v. Johnson*, 138 F.3d 1007, 1011 (5th Cir. 1999).  Prejudice is established when a petitioner demonstrates "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." *Moore v. Quarterman*, 534 F.3d 454, 463 (5th Cir. 2008) (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982)).

Herrera makes no claim nor points to any evidence which establishes cause and prejudice, and he fails to show that he is actually innocent of the crime.  Moreover, there is no merit to the claims he does assert. (*See* next section of this Memorandum and Order).  Therefore, the claim of ineffective assistance of counsel based on the allegation that Herrera's trial attorney failed to have him evaluated by a mental health expert is procedurally barred and must be **dismissed**.  *See Henderson v. Quarterman*, 460 F.3d 654, 660-61 (5th Cir. 2006); *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1997).

### B.    Involuntary Plea - Ineffective Assistance of Counsel

In his first exhausted claim, Herrera argues that his plea was involuntary due to ineffective assistance of counsel.  In addition to claiming that Gregory failed to suppress his confession [Claim 1.c.], Herrera also contends that his plea was involuntary because Gregory: failed to file a motion to suppress any statements to law enforcement officers and CPS [Claim 1.a.], and failed to interview the alleged victim [Claim 1.b.].  The respondent argues that Herrera's plea was knowing and voluntary and that Gregory's performance as Herrera's trial counsel was not deficient.

### 1.    Applicable Standards

A defendant's guilty plea has the effect of waiving all nonjurisdictional defects if the plea is voluntary and unconditional. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007) (citing *United States v. Wise,* 179 F.3d 184, 186 (5th Cir. 1999); *United States v. Bell,* 966 F.2d 914, 915 (5th Cir. 1992)).  A guilty plea may only  be challenged on the basis that the defendant did not knowingly and voluntarily make the plea due to the ineffectiveness of his attorney.  *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citing *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir. 1991)).  This is because the right to effective assistance of counsel at a criminal proceeding is the bedrock of this country's justice system.  *Martinez v. Ryan*, 132 S.Ct. 1309, 1317 (2012) (citing *Gideon v. Wainwright,* 372 U.S. 335, 344 (1963)).

To establish ineffective assistance of counsel, the petitioner must demonstrate both deficient performance and prejudice resulting from that deficiency.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to show deficient performance, the petitioner must demonstrate that his counsel's actions "'fell below an objective standard of reasonableness.'" *Jones v. Jones*, 163 F.3d 285, 300-01 (5th Cir. 1998), (quoting *Strickland,* 466 U.S. at 688).  The Court is "highly deferential" in evaluating an attorney's performance and applies a strong presumption that the performance was reasonable or "might be considered sound trial strategy." *United States v. Juarez*, 672 F.3d 381, 386 (5th Cir. 2012) (citing *Strickland,* 466 U.S. at 689). To

14

establish prejudice, the petitioner must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harris v. Warden, Louisiana State Penitentiary*, 152 F.3d 430, 440 (5th Cir. 1998), (quoting *Strickland,* at 694).

Claims of ineffective assistance of counsel are governed by § 2254(d)(1) because they involve mixed questions of law and fact. *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012).  The petitioner has the burden of proving both his attorney's deficiency and the resulting prejudice. *Id.*  The claim may be dismissed based solely on a petitioner's failure to prove either his attorney's deficient performance or the failure to prove prejudice to his defense.  *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001); *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

When a petitioner contends that his guilty plea was not voluntary on ineffective assistance grounds, he must show that his counsel's advice fell below the range of competence demanded of an attorney in a criminal case. *Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir.1994)).  He must also demonstrate prejudice by establishing that "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Id.* (citing *Armstead*, 37 F.3d at 206; *Carter v. Collins,* 918 F.2d 1198, 1200 (5th Cir.1990); *Uresti v. Lynaugh,*

15

821 F.2d 1099, 1101 (5th Cir.1987) (citing *Hill,* 474 U.S. at 58–59).

## 2.    Motion to Suppress (Claim 1.a.)

Herrera claims that Gregory was ineffective for failing to file a motion to suppress a confession he made when he was arrested.   Herrera asserted this claim in his state habeas application.   Gregory made the following response in his court ordered affidavit:

> It was applicant's informed decision not to file any pre-trial motions including but not limited to motion to suppress applicant's statements made to law enforcement or CPS.  In speaking with defendant it was his express desire to accept responsibility for the charge.  I spoke with him regarding his rights.  I enumerated each and every right that he had and explained the judicial process to him on more than one occasion.  From our first meeting, he maintained that he was guilty and his goal in retaining counsel was to attempt to get probation or minimize the time he would be sentenced.
>
> Applicant had made a statement to authorities prior to the time that he came into my office.  In my initial conversation with him we talked about his statement and about whether it could be suppressed.  It was counsel's belief at the initial interview that the judge would not grant the motion to suppress but this was not the deciding factor in not file [sic] a motion to suppress.  The decision not to file the motion to suppress returned to applicant[']s desire to accept responsibility.

Doc. # 10-4, p. 56.

The victim, Herrera's daughter Jovanna, was interviewed at the Children's Assessment Center on January 27, 2010 [Doc. # 10-5, p. 25].   She stated that the abuse began when she was thirteen, and her mother was convinced that she was being

16

truthful.  *Id.*  On January 29, 2010, Herrera made a full confession to the Harris County Sheriff's Department after being advised of his rights under *Miranda* [Doc. # 10-3, pp. 7-8].  He explicitly admitted putting his penis in his daughter's vagina on two occasions while she was fourteen years old.  *Id.* at 8.  The Harris County District Attorney's Office indicted Herrera on August 25, 2010 [Doc. # 10-5, p. 72].  Gregory stated that he interviewed Herrera and his daughter [Doc. # 10-3, p. 10].  Herrera admitted to Gregory that the allegations were true and gave statements that were consistent with the PSI report.  *Id.*  Gregory also interviewed Jovanna on two occasions.  *Id.*  She confirmed that the charges were true but indicated that she did not wish to see her father punished for the offense.  *Id.*  Jovanna also signed a written statement, at age eighteen stating that she had "moved on" and wanted her father to be back in her life [Doc. #10-5, p. 38].  She also indicated that she had a child by another man and wanted her father to be able to be part of his life also.  *Id.*

The record supports Gregory's assertion that Herrera had decided to accept responsibility for his actions and admit his guilt.  There is no indication that Herrera equivocated; he voluntarily signed the confession and waivers  [Doc. # 10-4, pp. 41-49].   The record also shows that Herrera had been fully admonished of his rights under *Miranda* when he confessed to the law enforcement officers [Doc. # 10-3, pp. 7-8].  Gregory states that he did not believe that a motion to suppress would have been

17

granted [Doc. # 10-4, p. 56].   A defense attorney is expected to use his professional discretion in determining which motions should be filed and which should not.   *See United States v. Chavez-Valencia,* 116 F.3d 127, 134 (5th Cir. 1997) Gregory's decision not to file a motion to suppress Herrera's apparent voluntary confession because such a motion would be futile does not support Herrera's claim that Gregory failed to provide effective representation.   *Id.* (citing *Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986)); *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) ("[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite.") (citing *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994); *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.")); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir.1984) ("Counsel is not required to engage in the filing of futile motions.").

Herrera does not present any evidence that shows that his confession was forced or involuntary.   The record shows that he was adamant about admitting his guilt and sought only to minimize his punishment [Doc. # 10-4, p. 56].   Gregory's strategy was that Herrera's acceptance of responsibility would help achieve the goal of mitigating the punishment.   *Id.*   This strategy is demonstrated in the sentencing memorandum submitted by Gregory to the trial court [Doc. # 10-5].   Gregory argued that Herrera

18

does not have a criminal history and is unlikely to commit another crime. *Id.* at 8. He also argued that Herrera deeply regretted his actions and accepted full responsibility for his crime. *Id.* In support of this argument, Gregory submitted a letter by Herrera apologizing for his conduct. *Id.* at 16. In the letter, Herrera acknowledges his guilt and accepts responsibility. He also expresses his shame and remorse for what he had done. *Id.* In reviewing the record, the state habeas court concluded that Herrera failed to show that Gregory's failure to move to suppress was prejudicial in that there was no indication that the motion would have been granted or that it would have positively affected the outcome for Herrera [Doc. # 10-4, p. 87].

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Skinner v. Quarterman*, 528 F.3d 336, 341 (5th Cir. 2008) (quoting *Cotton v. Cockrell,* 343 F.3d 746, 752-53 (5th Cir. 2003)). Gregory determined that the best course of action would be to appeal to the trial court by showing that his client was sincere in accepting his guilt and was not trying to evade the consequences. In light of the facts available to him, Gregory's decision not to file a motion to suppress Herrera's confession cannot be challenged. *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004).

### 3.    Victim Interview (Claim 1.b.)

In support of his claim that his attorney was ineffective, Herrera alleges that Gregory failed to interview the victim, Jovanna.  Herrera made this allegation in  his state habeas application.  Gregory refuted the allegation in his response in his court ordered affidavit by stating the following:

> Counsel interviewed victim Joanna [sic] Herrera on two occasions before applicant entered his plea and again prior to sentencing.  Victim had indicated that the charges were true but that she did not wish to see her father punished for the offense.

> Counsel spoke with complainant Joanna Herrera after sentencing. Counsel did not specifically ask her about the veracity of her complaint because she had told him the facts were true on two prior occasions. Joanna Herrera never indicated to counsel that the alleged behavior never occurred.  She stated she wanted to do anything she could to help her father.  She requested that we request a rehearing on sentencing because she was under the mistaken belief that she could not be present at sentencing because of the no contact order that was issued by the court. Counsel did file motion for rehearing on sentencing, which was denied by the court.

Doc. # 10-4, pp. 56-57.

The state habeas court found that Gregory had interviewed the complainant on two occasions before Herrera entered his plea and that he interviewed her again before sentencing. *Id.* at 84.  The court further found that the complainant informed Gregory that the charges were true but that she did not wish her father to be punished for the offense. *Id.*  The court also found that the complainant never indicated to Gregory that Herrera did not sexually assault her.  *Id.*  The court concluded that there was no

20

showing that Gregory's investigation was deficient or that there was any showing as to what a more thorough investigation would have revealed. *Id.* at 85. Consequently, the state habeas court found that there was no showing that Gregory's performance was deficient in that his conduct fell below an objective standard of reasonableness or that, but for his alleged deficient conduct, there was a reasonable probability that the result of the proceeding would have been different. *Id.* at 87 (citing *Strickland*, 466 U.S. at 686.

The state court's decision is based on a determination of factual issues about whether Gregory interviewed the victim. The AEDPA controls federal review of factual issues raised by a habeas petitioner. The AEDPA "overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled in part on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004). A federal habeas court must also presume the underlying factual determinations of the state court to be correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Under 28 U.S.C. § 2254(d)(2) "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-

court proceeding[.]"  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  Herrera has

failed to make any showing that negates or even questions the state court's finding

that Gregory did interview the complainant.

### 4.    Mental Health Expert

Herrera claims that Gregory was ineffective for failing to have Herrera

evaluated by a mental health expert in order to determine he was competent to be

tried.  Herrera alleges that he has an 8th grade education through a special education

program [Doc. # 17, p. 3].  The Court has previously found that this ground is

unexhausted and procedurally barred.  In addition, the respondent contends that there

is no merit to the claim because Herrera fails to support it with clear and convincing

evidence.

A defendant's constitutional right to due process is violated if he is tried while

legally incompetent and the State must maintain adequate procedures to insure that a

defendant is competent if the issue is raised. *Wheat v. Thigpen*, 793 F.2d 621, 629 (5th

Cir. 1986) (citing *Pate v. Robinson*, 383 U.S. 375 (1966); *Bishop v. United States*, 350

U.S. 961 (1956)).  The constitutional standard for competency to stand trial is whether

the defendant has: (1) the sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding and (2) a rational as well as a factual

understanding of the proceedings against him.  *United States v. McKnight*, 570 F.3d

641, 648 (5th Cir. 2009) (citing *Dusky v. United States*, 362 U.S. 402 (1960)); *Moody v. Johnson*, 139 F.3d 477, 480-81 (5th Cir. 1998).  In a habeas proceeding, the petitioner has the burden of proving that he was incompetent to stand trial.  *Enriquez v. Procunier*, 752 F.2d 111, 113 (5th Cir. 1984).  Factors to be considered are: "(1) the existence of a history of irrational behavior; (2) the defendant's bearing and demeanor at the time of trial; and (3) prior medical opinions."  *Id.* (citing *Reese v. Wainwright,* 600 F.2d 1085, 1091 (5th Cir. 1979)).

Herrera offers no medical or psychiatric records, or other evidence, to support his claim of mental incompetence.  There is nothing in the record that indicates that the trial court or Herrera's counsel had any notice that Herrera did not understand the proceedings against him or that he could not communicate effectively with his attorney.  Gregory states in his affidavit that he and Herrera discussed the case and he indicates that Herrera fully comprehended the issues [Doc. # 10-4, pp. 56-57]. Moreover, Gregory stated to the trial court at the time Herrera entered his guilty plea that he thought that his client was competent to stand trial.  *Id.*  Herrera fails to provide "clear and convincing evidence" that he was not competent to stand trial or that a hearing was necessary to determine competence.  *See Wood v. Allen*, 558 U.S. 290, 293 (2010).

### 5.    The Trial Court's Findings

Apart from ordering and reviewing Gregory's affidavit concerning his legal representation of Herrera, the state habeas district court held a live hearing with Herrera and his daughter present. Based on the record, the affidavit, and the hearing, the trial judge entered thorough factual findings regarding the performance of Herrera's trial counsel [Doc. # 10-4, pp. 83-85]. The state habeas court also concluded that Gregory's conduct did not fall below an objective standard of reasonableness, or that but for his alleged deficient conduct, that the outcome of Herrera's proceeding would have been different. *Id.* at 87. The court also held that the totality of the representation afforded to Herrera was sufficient to protect his right to reasonably effective assistance of counsel. *Id.* Herrera fails overcome the presumption that the state court's findings are correct. *See Register v. Thaler*, 681 F.3d 623, 629 (5th Cir. 2012). Therefore, Herrera has not established that the state court's denial of relief on his claim of ineffective assistance of counsel was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The first claim must be **dismissed** for lack of merit.

## C.     **Actual Innocence**

In his ground for relief, Herrera claims that he is actually innocent of the offense for which he was convicted. The respondent argues that this argument is not cognizable on federal habeas review. The respondent also argues that Herrera waived

this claim when he entered his guilty plea.  Finally, the respondent argues that the evidence in the record defeats the claim.

### 1.    Actual Innocence - Not Independently Cognizable

In the Fifth Circuit, "actual-innocence is *not* an independently cognizable federal-habeas claim. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) (citing *Dowthitt v. Johnson,* 230 F.3d 733, 741-42 (5th Cir. 2000); *Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003)); *see also Herrera v. Collins*, 506 U.S. 390, 400 (1993). It cannot serve as a basis for habeas relief absent a showing of an independent constitutional violation.  *Id.*  The rule established in *Herrera* "is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact."  *Herrera*, 506 U.S. at 400.  "'[W]hat [the Courts] have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved'"  *Id.* at 400-401 (quoting *Moore v. Dempsey,* 261 U.S. 86, 87-88 (1923) (Holmes, J.)).   The role of the federal court is to assure that constitutional rights are observed in the state courts.  *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).  It is not a forum to relitigate a state case.  *Id.*

### 2.    Confession Waived Actual Innocence Claim

As noted in the Background section of this Memorandum and Order, Herrera signed a waiver of constitutional rights and judicial confession in which he admitted that he had committed the offense for which he was charged [Doc. # 10-4, pp. 41-42]. In doing so, he admitted in writing that "on or about June 30, 2006, did then and there unlawfully, intentionally, and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of JOVANNA HERRERA hereinafter called the Complainant, a person younger than fourteen years of age and not the spouse of the Defendant, by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN of the Complainant." [Doc. # 10-4, p. 41].  The state court records of Herrera's statements and waivers are entitled to a presumption of correctness under the provisions of 28 U.S.C. § 2254. *Blackledge v Allison*, 431 U.S. 63, 74 (1977); *Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990); *see also United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant.") (citing *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir. 1991)).  By making his statements acknowledging his guilt, Herrera entered a valid guilty plea and waived his right to later challenge the sufficiency of the evidence against him. *Matthew v. Johnson*, 201 F.3d 353, 366 (5th Cir. 2000) (defendant's statements that his plea was free and voluntary and that he understood the charges and the rights he was waiving create a strong presumption of

26

validity) (citing *Blackledge*, 431 U.S. at 73-74) ; *Kelley v. State of Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981).

### 3.    No Showing of Actual Innocence

Herrera relies on an affidavit signed by his daughter Jovanna, the purported victim, to support his claim of actual innocence [Doc. # 10-4, p. 26].  The affidavit, dated August 9, 2011, states that Herrera never had sexual intercourse with the victim. It also states that the only improper areas on her body that were touched were her buttocks and breast.  Jovanna also explains in the affidavit that she had a lump in her breast and that her father touched her there to verify its presence [Doc. # 10-4, p. 26]. Jovanna also denies ever being interviewed by any defense attorney representing her father in the sexual assault case.  *Id.*

The state district court ordered a hearing after the state habeas application was filed, and the attorney representing Herrera in the habeas proceeding called Jovanna as a witness [Doc. # 10-2, p. 7].  Jovanna stated her name and acknowledged that Herrera was her father.  *Id.*  However, upon being asked about the affidavit, Jovanna asserted her right to remain silent under the Fifth Amendment.  *Id.* at 8. After the hearing, the trial court entered it's findings of fact and conclusions of law [Doc. # 10-4, pp. 82-88].   After observing that Jovanna had asserted her Fifth Amendment privilege not to incriminate herself when questioned about the affidavit's veracity, the

27

state district court found that the affidavit was not credible. *Id.* The court also held that Gregory's affidavit, in which he asserted that he investigated the case, interviewed Jovanna and counseled Herrera, was credible. *Id.* at 83-85. The court further cited statements from Gregory, Herrera, and Jovanna that Herrera did sexually assault his daughter. *Id.* at 83-86. Moreover, Gregory stated that he conferred with Herrera after the sentencing and that Herrera made no indication that he did not commit the sexual assault. *Id.* at 84. Based on the records, the court concluded that Herrera was not actually innocent of the offense. *Id.* at 86.

When considering a habeas petitioner's claim of actual innocence, the Court is mindful that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-624 (1998). A habeas petitioner does not prove actual innocense by establishing a reasonable doubt as to his guilt. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). He must persuade the Court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* The actual innocence standard in a habeas proceeding is "extraordinarily high" because the petitioner has already been tried by a court and found guilty. *Id.* at 315-316. A presumption of finality attaches to the conviction and sentence when the direct appeal process is at an end. *Barefoot*, 463 U.S. at 887. "[I]t is well settled that upon *habeas corpus* the court will not weigh the

28

evidence." *Hyde v. Shine*, 199 U.S. 62, 84 (1905).  Habeas relief is only available if there is a complete lack of evidence demonstrating that the petitioner is guilty of the offense for which he was previously charged and convicted.  *Id.*  "As the writ of *habeas corpus* does not perform the office of a writ of error or an appeal, these facts cannot be re-examined or reviewed in this collateral proceeding." *In re Terry*, 128 U.S. 289, 305 (1888).

Herrera's argument that he is actually innocent rests on his daughter's affidavit in which she recants her earlier statement accusing her father of sexually molesting her.  However, she invoked her Fifth Amendment right to remain silent when she was called to the witness stand to verify her recantation.  In addition, Jovanna previously submitted a letter to the state court before her father was sentenced to life in prison [Doc. # 10-5, p. 38].  Although Jovanna pleaded for leniency in sentencing her father, she never denied that he sexually assaulted her.  Instead she stated, "I am 18 now and I have moved on with my life." *Id.*  Such wording is used to express a willingness to forgive a transgression, and it is not an assertion that the offense never happened. Jovanna submitted a second affidavit in support of a motion for new trial after Herrera was given a life sentence. *Id.* at 5.  Again, she included no denial that the unlawful conduct occurred.  The affidavit merely indicates that Jovanna thought that she could not be present at the sentencing.  She also stated that she wanted to testify in behalf

of her father and that she wanted the court to "completely understand the impact that this case has had on me and my family." *Id.*

As stated previously in this Memorandum and Order, Herrera made a confession to officials of the Harris County Sheriff's Department after being advised of his rights [Doc. # 10-3, pp. 7-8]. He later signed a judicial confession and a plea admonishment asserting that he had been explained the charges and advised of his rights [Doc. # 10-4, pp. 41-46]. During the trial's sentencing investigation phase, Herrera submitted a letter again admitting his guilt and expressing his remorse for committing the crime. [Doc. # 10-5, p. 16]. In addition, there are entries in the PSI report in which Herrera acknowledged culpability for the offense. *See, e.g.,* Doc. # 10-5, p. 25.

On state habeas review, the trial court found Jovanna invoked her right not to incriminate herself when asked about her affidavit denying her father's guilt [Doc. # 10-4, p. 86]. The judge then found that the affidavit was not credible and concluded that Herrera is not actually innocent of the crime. *Id.* In finding that Herrera was not actually innocent, the trial court noted that Herrera admitted his guilt and wanted to take responsibility for his actions. *Id.* It was also noted that Jovanna had previously stated that the charges were true. *Id.* Herrera fails to overcome the strong presumption that the state court's factual determinations and conclusions regarding

his guilt are correct. *Wood v. Allen*, 558 U.S. 290, 293 (2010); *Register*, 681 F.3d at 629; *Clark*, 202 F.3d at 764.

## C.   Herrera's New Allegation

In his response to the motion for summary judgment, Herrera alleges, for the first time in this proceeding, that Gregory never informed him of a plea offer from the prosecution for a seven year sentence in exchange for his plea of guilt [Doc. # 17, p. 3]. He further alleges that he was not even aware of the offer until he received the respondent's motion for summary judgment. Herrera's allegation flies in the face of the record, particularly in light of the state habeas evidence that Gregory stated that he had informed Herrera of the plea offer and that Herrera wanted the trial judge to assess punishment in hopes that he would receive probation [Doc. # 10-4, p. 57]. Of even greater significance is the fact that, despite the appointment of state habeas counsel, Herrera made no claim or allegation in either his state habeas application or federal habeas petition that Gregory had not advised him of the plea offer. Having failed to exhaust his state court remedies, Herrera is procedurally barred from seeking federal habeas on the ground that his attorney did not inform him of a plea offer. *See Henderson*, 460 F.3d at 660-661; *Martin*, 98 F.3d at 849.

Apart from presenting a claim that is procedurally barred, Herrera did not present his claim in his federal habeas petition, and did not raise it until after

31

respondent's motion for summary judgment was filed.  *See Parish v. Frazier*, 195

F.3d 761, 763 -764 (5th Cir. 1999); *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995).

Although the state trial court's sentence may have been extremely harsh, this

Court lacks authority to second guess such matters.  Herrera has failed to establish a

legal basis for the relief he seeks.  Therefore, the respondent is entitled to summary

judgment as a matter of law and the petition must be **dismissed**.

## IV.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the

AEDPA, codified at 28  U.S.C. § 2253, a certificate of appealability is required before

an appeal may proceed.  *See Hallmark*, 118 F.3d at 1076 (noting that actions under

either 28  U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a

jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit

justice or judge issues a certificate of appealability, an appeal may not be taken to the

court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28

U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a

substantial showing of the denial of a constitutional right," 28  U.S.C. § 2253(c)(2),

which requires a petitioner to demonstrate "that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Tennard*

*v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 437, 484 (2000)).   Under the controlling standard, a petitioner is required to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.   A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner.   Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right.   Therefore, a certificate of appealability will not issue.

## V.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Respondent William Stephens' Motion For Summary Judgment [Doc. # 13] is **GRANTED**.  It is further

**ORDERED** that Respondent's Motion to Substitute Gwendolyn S. Vindell for Travis Bragg [Doc. # 18] is **GRANTED**.  It is further

**ORDERED** that this case is **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.

A final judgment will be issued separately.

SIGNED at Houston, Texas, this 18th day of July, 2014.

Nancy F. Atlas
United States District Judge

34